# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IOVATE HEALTH SCIENCES INTERNATIONAL, INC., MULTI FORMULATIONS, LTD., and GATEWAY HEALTH ALLIANCES, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**USP LABS, LLC, JACOB GEISSLER, JOHN DOYLE, URIEL DRUKER, and ANTHONY AUSTIN t/a USPLABS DIRECT**<br><br>**Defendants.** | Civil Action No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Iovate Health Sciences International, Inc. ("Iovate International"), Multi Formulations, Ltd. ("Multi Formulations"), and Gateway Health Alliances, Inc. ("Gateway") (collectively "Plaintiffs"), on personal knowledge as to their own activities and on information and belief as to all other matters, for their complaint against Defendants USP Labs, LLC ("USP Labs"), Jacob Geissler ("Geissler"), John Doyle ("Doyle"), Uriel Druker ("Druker"), and Anthony Austin ("Austin"), collectively t/a USPLabs Direct (all defendant parties, "Defendants"), allege as follows:

## PARTIES

1. Plaintiff Iovate International is a corporation organized and existing under the laws of Canada and has a principal place of business at 381 North Service Road West in Oakville, Ontario, Canada.

2. Plaintiff Multi Formulations is a corporation organized and existing under the laws of Canada and has a principal place of business at 381 North Service Road West in Oakville, Ontario, Canada.

3. Plaintiff Gateway is a corporation organized and existing under the laws of the State of California, and has a principal place of business at 4769 Mangels Boulevard, Fairfield, California 94534.

4. Upon information and belief, Defendant USP Labs is or was a limited liability company organized and existing under the laws of the State of Texas, and has a principal place of business at 3919 McKinney Street, Denton, Texas 76208.

5. Upon information and belief, Defendant Jacob Geissler is an individual residing at or having a place of business at 3945 Waterford Way, Denton, Texas 76210.

6. Upon information and belief, Defendant John Doyle is an individual residing at or having a place of business at 3945 Waterford Way, Denton, Texas 76210.

7. Upon information and belief, Defendant Uriel Druker is an individual residing at or having a place of business at 1020 Freemont Street, Laredo, Texas 78040.

8. Defendant Anthony Austin is an individual whose place of residence is currently unknown to Plaintiffs. Upon information and belief, Anthony Austin maintains a place of business at 3945 Waterford Way, Denton, Texas 76210.

9. Upon information and belief, Defendants Geissler, Doyle, Druker, and Austin trade as or do business as "USPLabs Direct" and/or are founders of USP Labs and/or USPLabs Direct, and/or are officers, shareholders, directors, agents, partners, or representatives of those entities, and personally direct and control the activities herein complained.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

11. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) for claims arising from the patent laws of the United States.

12. The Court has personal jurisdiction over the Defendants because: (i) the Defendants knowingly transact business in this state and district; (ii) they advertise and market their infringing goods within this jurisdiction; and (iii) the Defendants' conduct outside this jurisdiction is causing injury in this forum.

13. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1331, 1391(b), 1391(d) and 1400, in that a substantial part of the events giving rise to the claims occurred in this district and the Defendants transact business in this district.

## GENERAL ALLEGATIONS

14. On February 13, 2007, United States Patent No. 7,175,859 ("the '859 Patent"), titled "Plant Extract Mixtures and Their Uses" was duly issued by the United States Patent and Trademark Office. A true and correct copy of the '859 Patent is attached as Exhibit A of this Complaint.

15. Gateway is the owner and assignee of the '859 Patent.

16. Iovate International is the exclusive licensee of the '859 Patent, and has the right to institute litigation for infringement.

17. On December 14, 2004, United States Patent No. 6,830,765 ("the '765 Patent"), titled "Green Tea Extract for Treating Obesity," was duly issued by the United States Patent and

Trademark Office. A true and correct copy of the '765 Patent is attached as <u>Exhibit B</u> of this Complaint.

18. Multi Formulations is the owner of all rights, title, and interest in and to the '765 Patent.

19. On November 9, 2004, United States Patent No. 6,814,986 ("the '986 Patent"), titled "Composition for Treating Obesity and Esthetic Treatment Process," was duly issued by the United States Patent and Trademark Office. A true and correct copy of the '986 Patent is attached as <u>Exhibit C</u> of this Complaint.

20. Multi Formulations is the owner of all right, title, and interest in and to the '986 Patent.

21. Upon information and belief, Defendants have made, used, offered for sale, sold, and/or imported certain nutritional supplements and/or weight loss products, including, without limitation, the products distributed by Defendants under the trade names Cissus/RX, Supercissus RX, and cAMPHIBOLIC, throughout the United States and in this judicial district.

## **FIRST CAUSE OF ACTION**
**(Infringement of the '859 Patent)**

22. Plaintiffs reallege and incorporate the foregoing allegations of this Complaint as if set forth at length and in full herein.

23. Upon information and belief, certain products made, used, sold, and offered for sale by Defendants, including, without limitation, the products distributed by the Defendants under the trade name Cissus/RX and Supercissus RX, incorporate or embody the inventions claimed in the '859 Patent.

24. By their actions, Defendants have infringed, and are infringing, one or more of the claims of the '859 Patent.

4

25. Upon information and belief, Defendants have actively induced others to infringe the claims of the '859 Patent.

26. Defendants' infringing conduct has been and continues to be unlawful and willful.

27. As a result of Defendants' acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### (Infringement of the '765 Patent)

28. Plaintiffs reallege and incorporate the foregoing allegations of this Complaint as if set forth at length and in full herein.

29. Upon information and belief, certain products made, used, sold, and offered for sale by Defendants, including, without limitation, the products distributed by the Defendants under the trade names cAMPHIBOLIC, incorporate or embody the inventions claimed in the '765 Patent.

30. By their actions, Defendants have infringed, and are infringing, one or more of the claims of the '765 Patent.

31. Upon information and belief, Defendants have actively induced others to infringe the claims of the '765 Patent.

32. Defendants' infringing conduct has been and continues to be unlawful and willful.

33. As a result of Defendants' acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
### (Infringement of the '986 Patent)

34. Plaintiffs reallege and incorporate the foregoing allegations of this Complaint as if set forth at length and in full herein.

35. Upon information and belief, certain products made, used, sold, and offered for sale by Defendants, including, without limitation, the products distributed by the Defendants under the trade names cAMPHIBOLIC, incorporate or embody the inventions claimed in the '986 Patent.

36. By their actions, Defendants have infringed, and are infringing, one or more of the claims of the '986 Patent.

37. Upon information and belief, Defendants have actively induced others to infringe the claims of the '986 Patent.

38. Defendants' infringing conduct has been and continues to be unlawful and willful.

39. As a result of Defendants' acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for entry of judgment against Defendants as follows:

A. that Defendants infringe the '859, '765, and '986 Patents;

B. that Defendants have actively induced others to infringe the '859, '765, and '986 Patents;

C. that Defendants' infringement of the '859, '765, and '986 Patents is willful;

D. that Defendants, their officers, directors, affiliates, agents, servants, employees, and attorneys, and all those persons in privity or in concert with any of them, be preliminarily and permanently enjoined from infringement of the '859, '765, and '986 Patents;

E. that Plaintiffs be awarded their damages for infringement of the '859, '765, and '986 Patents, and that the damages be trebled;

F. that this case be declared to be exceptional in favor of Plaintiffs under 35 U.S.C. § 285, and that Plaintiffs be awarded their costs, attorneys' fees, and other expenses incurred in connection with this action; and

G. that Plaintiffs be awarded such other and further relief as may be appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Dated: November 21, 2008

          Respectfully submitted,

          PHILLIPS LYTLE LLP


          By:     s/ Michael J. Berchou
                  Michael J. Berchou
          3400 HSBC Center
          Buffalo, NY 14203-2887
          Phone: (716) 847-7078
          Fax: (716) 852-6100
          mberchou@phillipslytle.com

          Eric J. Marandett
          Paul D. Popeo
          CHOATE HALL & STEWART LLP
          Two International Place
          Boston, MA 02110
          Tel: (617) 248-5000
          Fax: (617) 248-4000
          emarandett@choate.com
          ppopeo@choate.com

          *Attorneys for Plaintiff*

Doc # 01-2258838.1